IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY -4 AM 10: 04

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| HAROLD FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 04-2757 Ml/V |
| HOUSEHOLD LIFE INSURANCE, ) | |
| COMPANY and TERRY DICKERSON, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand, filed October 15, 2004. Defendants responded in opposition on November 1, 2004. For the following reasons, Plaintiff's motion is GRANTED.

Plaintiff initially filed a complaint in this case on August 13, 2004, in the Chancery Court of Shelby County, Tennessee, alleging fraud and misrepresentation with respect to his purchase of credit insurance from Defendant Household Life Insurance Company. On September 23, 2004, Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441 based upon the asserted diversity of citizenship of the proper parties to this action.

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the



defendants, to the district court of the United States for the district and division embracing the place where such action is pending ...." 28 U.S.C. § 1441(a). Specifically, § 1441(a) allows a defendant to remove an action filed in state court to a federal district court based upon the diversity of citizenship of the parties. See id. Here, Defendants contend that removal was proper because the amount in controversy in this case exceeds the jurisdictional requirement of $75,000 and because Defendant Terry Dickerson, a Tennessee resident and whose presence as a defendant in this case would defeat diversity,[1] was fraudulently joined as a defendant. Because the Court below finds that Defendants have failed to show that Plaintiff's Complaint meets the amount-in-controversy requirement, the Court does not address Defendants' contention that Defendant Dickerson was fraudulently joined.

Plaintiff's Complaint does not allege a specific amount of damages. Rather, Plaintiff's Complaint alleges:

> As a proximate consequence of Defendants' actions, Plaintiff was injured and damaged in at least the following ways: he paid money for insurance he did not want, he lost interest on said money, he paid excessive interest on his loans and accounts he otherwise would not have had to pay, he lost interest on the money attributed to the unnecessary payments, he has suffered mental anguish and emotional distress; and has otherwise been injured and damaged.

---

[1] Under 28 U.S.C. § 1441(b), a defendant may remove an action from state court to federal district court on the basis of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

-2-

(Pl.'s Compl. ¶ 26.)  Plaintiff requests compensatory and punitive damages, plus costs, with respect to each of the four counts in his Complaint.

When a defendant seeks removal of a plaintiff's complaint on the basis of diversity of citizenship, the defendant bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  <u>Hayes v. Equitable Energy Res. Co.</u>, 266 F.3d 560, 572 (6th Cir. 2001).  Although a defendant need not prove "to a legal certainty" that a plaintiff's damages are greater than the amount-in-controversy requirement, a defendant must show that a fair reading of the plaintiff's complaint reveals that more than $75,000 is in controversy.  <u>Id.</u>  Moreover, "statutes conferring removal jurisdiction are ... construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." <u>Brierly v. Alusuisse Flexible Packaging, Inc.</u>, 184 F.3d 527, 534 (6th Cir. 1999) (citation omitted).  <u>See also</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941).  Doubts about removal therefore "should be resolved in favor of remand to the state courts."  <u>Brierly</u>, 184 F.3d at 534.

As evidence that the amount in controversy in this case is over $75,000, Defendants point to Plaintiff's broad, general assertions of damages as well as the possibility that punitive damages would be awarded.  However, a review of the record shows that the loan for which Plaintiff obtained credit insurance was for

-3-

$8,000, and that the loan insurance premiums over which Plaintiff has sued were approximately $8.64 per month. (See Pl.'s Mot. to Remand, Ex. A.) Having reviewed the record and the parties' submissions, the Court finds no basis upon which to conclude that the amount in controversy in this case is over $75,000. Accordingly, Plaintiff's motion to remand is GRANTED.

SO ORDERED this 3 day of May, 2005.

```
                              /s/ Jon P. McCalla
                              _____
                              JON P. McCALLA
                              UNITED STATES DISTRICT JUDGE
```

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02757 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Bradley E. Trammell
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Clinton J. Simpson
BAKER DONELSON BEARMAN & CALDWELL
20th Floor
165 Madison Avenue
Memphis, TN 38103

Clinton C. Carter
BEASLEY ALLEN CROW METHVIN PORTIS & MILES, PC
272 Commerce St.
P.O. Box 4160
Montgomery, AL 36103--416

Roman A. Shaul
BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.
272 Commerce St.
Montgomery, AL 36104

Honorable Jon McCalla
US DISTRICT COURT